FILED
**Jun 22, 2021**
**10:28 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Khaled Sadeekah | ) Docket No.    2020-06-0218 |
| | ) |
| v. | ) State File No.  10400-2020 |
| | ) |
| Zaher Abdelaziz d/b/a Home | ) |
| Furniture and More | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee reported injuring his right shoulder, wrist, and elbow when a large piece of furniture fell from a ramp and struck him.  The employer denied the employee's claim for workers' compensation benefits, asserting: (1) the employee was not working on the date of the alleged incident; (2) it did not employ a sufficient number of people to trigger the requirements of the Workers' Compensation Law; and (3) the employee's alleged medical conditions did not arise primarily out of a work-related accident.  Following an expedited hearing, the trial court denied the employee's request for temporary disability and medical benefits.  Thereafter, the employer filed a motion for summary judgment in which it argued, among other things, that the employee's evidence of medical causation was insufficient as a matter of law.  In an order granting the employee's request for an extension of time, the court set a deadline for the employee to respond to the employer's motion and scheduled a motion hearing.  Within the response deadline set by the trial court, but less than twenty days before the hearing, the employee filed a response to the motion for summary judgment and a Standard Form Medical Report (Form C-32).  The employer timely objected to the notice of the employee's intent to use a Form C-32.  In its order granting the employer's motion for summary judgment, the trial court excluded the Form C-32 from evidence, and the employee has appealed.  Having carefully reviewed this case, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Khaleed Sadeekah, Nashville, Tennessee, employee-appellant, pro se

Courtney E. Smith, Nashville, Tennessee, for the employer-appellee, Home Furniture and More

**Factual and Procedural Background**

Khaleed Sadeekah ("Employee") worked intermittently as a furniture mover for Zaher Abdelaziz, who operated a business called Home Furniture and More ("Employer").[1]  On or about March 22, 2019, Employee came to Employer's premises. The facts of what transpired during that visit were disputed.  Employer asserted that Employee was not working in March 2019 but came to the store as a visitor.  One co-worker testified by affidavit that, as he and another co-worker were pulling a dresser up a ramp into a delivery truck, Employee pushed on the dresser, causing both it and one of the workers to fall off the ramp.  Another co-worker denied Employee was helping load the dresser but stated he did not see what caused the accident.  He asserted he saw no evidence that Employee had been struck or injured as a result of the incident.  A third witness testified by affidavit that Employee was not working on the date of the incident because he was on medical leave and had come to the store that day to visit.[2]

In contrast, Employee asserted in his petition for benefits that he was at the store to work, that Employer asked him to assist with loading furniture, and that he was injured when the co-worker who was pulling the dresser up the ramp on a dolly slipped and fell, causing the dresser to strike him.  He claimed to have suffered injuries to his right shoulder, arm, and wrist as a result of the incident.  He also complained of symptoms that were interpreted by one physician as "radicular symptoms" in the right upper extremity. He was diagnosed with impingement syndrome in the right shoulder and bilateral carpal tunnel syndrome.

Following a hearing on Employee's expedited hearing request, the trial court denied Employee's claim for temporary disability or medical benefits.  The court concluded Employee was unlikely to prove at trial that Employer was subject to Tennessee's Workers' Compensation Law.  The court also concluded Employee was unlikely to prove that his medical conditions arose primarily from the alleged accident.

On December 28, 2020, Employer filed a motion for summary judgment.  In its statement of undisputed material facts, Employer asserted it had "at most four employees" during the first quarter of 2019.  It further asserted that, in early March 2019, Employee had undergone surgery to his right arm for a non-work-related condition, that

---

[1] Employer asserted it never employed more than four individuals and is not subject to Tennessee's Workers' Compensation Law pursuant to Tennessee Code Annotated section 50-6-106(5).  That issue is not relevant to the current appeal.

[2] Other affidavits were included in the record but are apparently in Arabic and were not translated.

he was "on medical leave" at the time of the alleged incident, and that he did not help load the truck in question. Finally, Employer asserted that Employee "did not present expert medical proof that his alleged injury is causally related to employment."

Thereafter, Employee filed several motions asking the trial court for extensions of time to respond to the motion for summary judgment. On January 27, 2021, the trial court granted Employee's request for an extension, allowed Employee until February 22, 2021 to respond to the motion, and set a motion hearing for March 1, 2021.

On February 22, 2021, Employee filed a response to Employer's statement of undisputed material facts in which he disputed every statement. He asserted he returned to the store that day to work, not to visit, and he was instructed by Mr. Abdelaziz to help load the truck on the date of the accident. He also disputed the statements alleging Employer had no more than four employees. With respect to Employer's assertion that Employee's evidence of medical causation was insufficient, Employee referred to and relied on a Standard Form Medical Report (Form C-32) completed by Dr. Juan Dinkins, which was signed and dated December 31, 2020. On February 23, 2021, Employer filed an objection to the Form C-32.

The trial court conducted a hearing on Employer's motion for summary judgment on March 1, 2021.[3] Thereafter, the court granted Employer's motion for summary judgment on the ground that Employer had shown Employee's evidence of medical causation was insufficient as a matter of law, and Employee had failed to produce any evidence creating a genuine issue of material fact as to the issue of causation. In so holding, the trial court excluded Dr. Dinkins's Form C-32 as evidence on the ground that Employee had not provided sufficient notice of his intent to use that form as required by Tennessee Code Annotated section 50-6-235(c)(2). Consequently, the trial court dismissed Employee's claim.

After the trial court's order was issued, Employee filed a motion to "redo the hearing," arguing that the twenty-day requirement to file a notice of intent to use the Form C-32 did not apply because the court had granted Employee an extension of time to respond to the motion for summary judgment. Employee also argued the translator had made "many mistakes" during the hearing. In a separate motion to rehear, Employee argued he had requested a continuance at the beginning of the summary judgment hearing based on Employer's failure to timely respond to his discovery requests, but his request was denied. The trial court considered Employee's post-hearing motions to be a motion

---

[3] No transcript of the hearing was provided on appeal. The record indicates the court had ordered Employer to provide Employee a translator for the motion hearing, but no court reporter was present. After the hearing, Employee filed an affidavit from a licensed court reporter indicating that the recording of the hearing provided by the court was "impossible" to transcribe because the translator, whose accented English was difficult to understand, "spoke over everyone."

to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 59.04, which it declined to do.  Employee has appealed.[4]

## Standard of Review

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.  The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).  If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).  Moreover, a trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.").

## Analysis

Employee raises three issues on appeal, which we have restated as follows: (1) whether the trial court erred in failing to rehear the motion for summary judgment due to the "insufficient" services of the translator; (2) whether the trial court erred in excluding the Form C-32 in light of his motions for an extension of time; and (3) whether the trial court erred in its weighing of expert medical opinions regarding the issue of causation.

---

[4] After Employee filed his brief on appeal, Employer filed a motion to dismiss Employee's appeal and a request for attorneys' fees and costs based on the alleged frivolous nature of Employee's appeal. Employer argues that Employee's brief on appeal is so deficient as to justify the dismissal of Employee's appeal.  Although we have noted on numerous occasions that self-represented employees must comply with the same rules as represented parties, *see, e.g.*, Burnette v. K-Mart Corp., No. 2014-02-0020, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Tenn. Workers' Comp. App. Bd. Jan. 20, 2015), we have also noted that "courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system." *Id.* at *7.  In addition, the filing of a brief on appeal is permissive, not mandatory, and the failure to file a brief, standing alone, does not merit dismissal of an appeal. *Hayes v. Elmington Prop. Mgmt.*, No. 2018-08-1204, 2019 TN Wrk. Comp. App. Bd. LEXIS 49, at *3 (Tenn. Workers' Comp. App. Bd. Sept. 3, 2019).  We decline to dismiss Employee's appeal, and we conclude Employee's appeal is not frivolous.  Employer's motion is therefore denied.

4

*Motions to Rehear*

After the trial court issued its order granting Employer's motion for summary judgment and dismissing Employee's claim, Employee filed a motion to "redo" the hearing and a separate motion to "rehear" the motion for summary judgment. Rule 59 of the Tennessee Rules of Civil Procedure governs requests for new trials and alterations or amendments of judgments. The trial court treated Employee's post-hearing motions as a motion to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 59.04, and it denied the motions.

Following the filing of Employee's notice of appeal, Employee asserted the record on appeal was incomplete because the court reporter had indicated an inability to transcribe the recorded hearing of Employer's motion for summary judgment. We remanded the case for the trial court to address Employee's allegations that the record on appeal was incomplete in accordance with Tenn. Comp. R. & Regs. 0800-02-22-.02(1). In response to Employee's post-hearing motion asking the trial court to compel Employer to cooperate in preparing a joint statement of the evidence, the court noted that because the hearing on Employer's motion for summary judgment involved only argument of the parties and included no live testimony, there was no basis on which to prepare a joint statement of the evidence and denied Employee's motion.

We find no case law, and none has been cited to us, supporting Employee's argument that inadequate translation services can form the basis of a motion for relief under Rule 59. In its order denying Employee's post-hearing motions, the court noted that the translator had been "properly sworn in by the court." Moreover, Employee has presented nothing to indicate that any particular statements were mistranslated during the hearing or that the trial court's determinations were based on any mistranslated arguments. Finally, nothing in this record indicates Employee requested that witness affidavits originally written in Arabic be translated into English. In short, we find no merit in Employee's arguments regarding the allegedly inadequate translation services as a basis to alter or amend the trial court's judgment.

*Exclusion of Form C-32*

The use of a Standard Form Medical Report, also known as a Form C-32, is governed by Tennessee Code Annotated section 50-6-235. The statute gives any party the ability to present a physician's direct testimony through a medical report using a form adopted by the Administrator of the Bureau of Workers' Compensation. Tenn. Code Ann. § 50-6-235(c)(1) (2020). This form can be used in lieu of a deposition "if notice of intent to use the sworn statement is provided to the opposing party or counsel not less than twenty (20) days before the intended use." Tenn. Code Ann. § 50-6-235(c)(2). Moreover, the opposing party can file an objection to the use of the Form C-32 within ten

days of the receipt of the notice, and, if such an objection is filed, the burden is on the objecting party to schedule the physician's deposition within a reasonable time. *Id.*

In the present case, Employee's decision to present a Form C-32 from Dr. Dinkins was not impacted by the trial court's order granting Employee additional time to respond to Employer's motion for summary judgment. The Form C-32 was signed by Dr. Dinkins on December 31, 2020, approximately 60 days prior to the summary judgment hearing on March 1, 2021. Employee has offered no explanation as to why he failed to inform Employer of his intent to offer Dr. Dinkins's Form C-32 as evidence at least twenty days before the summary judgment hearing as required by Tennessee Code Annotated section 50-6-235(c)(2). Furthermore, when Employer received the Form C-32 seven days before the summary judgment hearing, it filed an objection to the use of the form the following day.

A trial court's decision to admit or exclude evidence is discretionary and will be reviewed under an abuse-of-discretion standard. *See, e.g.*, *Prewitt v. Brown*, No. M2017-01420-COA-R3-CV, 2018 Tenn. App. LEXIS 235, at *18 (Tenn. Ct. App. Apr. 30, 2018) (a "discretionary decision to admit or exclude evidence . . . will be overturned on appeal only when there is an abuse of discretion"). In the present case, we do not have a transcript of the hearing, so we do not know the nature or the extent of the discussion during the hearing regarding any request for a continuance. In his notice of appeal, Employee asserts he "objected [to] the hearing at the beginning" because Employer "didn't respond to Employee's First Request for Production of Documents." There is no indication in the record that Employee requested a continuance of the summary judgment hearing due to the belated filing of the Form C-32.[5] Under the circumstances presented, we cannot conclude the trial court abused its discretion in excluding Dr. Dinkins's Form C-32.[6]

---

[5] On February 26, 2021, three days before the summary judgment hearing, Employee filed a motion to compel discovery in which he asserted Employer had failed to respond to his request for production of documents. There is no indication in the record that the court ruled on Employee's motion to compel discovery prior to the issuance of its order granting summary judgment. We note that Rule 56.07 gives a trial court broad authority to order a continuance of a summary judgment hearing "to permit affidavits to be obtained or depositions to be taken or discovery to be had." Tenn. R. Civ. P. 56.07. Here, other than Employee's written statement in his notice of appeal, nothing in the record supports Employee's assertion that the trial court improperly denied a request for a continuance of the summary judgment hearing.

[6] We also note that the admissibility of a Form C-32, or statements contained therein, must be analyzed in light of the type of proceeding at which it is offered. The rules governing expedited hearings allow a party to introduce "[l]etters or written statements addressing medical causation signed by a physician" at an expedited hearing, but such statements may be excluded at a compensation hearing. Tenn. Comp. R. & Regs. 0800-02-21-.15(2). On the other hand, the proof that may be considered at a summary judgment hearing is governed by Rule 56.04 of the Tennessee Rules of Civil Procedure. To be admissible as the physician's direct testimony "at any stage of a workers' compensation claim in lieu of a deposition," a Form C-32 must comply with the requirements of Tennessee Code Annotated section 50-6-235(c).

Finally, Employee argues the trial court erred in its consideration of the expert medical proof of causation. In addition to his argument that the trial court improperly excluded Dr. Dinkins's Form C-32, Employee also asserts the court failed to consider the medical records and causation opinions of Dr. Jason Haslam and Dr. Garrison Strickland.

Dr. Haslam diagnosed and treated Employee for bilateral carpal tunnel syndrome. He performed surgery on Employee's right wrist on March 11, 2019, eleven days before the date of the alleged work accident. In November 2019, Dr. Garrison Strickland evaluated Employee upon a referral from Dr. Haslam and performed electrodiagnostic studies on both upper extremities. Employee then returned to Dr. Haslam in December 2019 to discuss the diagnostic test results.

Employee's arguments concerning the records and purported causation opinions of Dr. Haslam and Dr. Strickland are without merit for several reasons. First, although those records were filed in support of Employee's request for an expedited hearing, they were not presented to the Court in any admissible form in support of Employee's response to Employer's motion for summary judgment. At the summary judgment stage, parties must comply with the requirements of Rule 56 of the Tennessee Rules of Civil Procedure, which sets out what a court may consider in ruling on such a motion. Specifically, Rule 56.04 allows a court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Tenn. R. Civ. P. 56.04. Medical records, standing alone, are not included in that list. Thus, the records of Dr. Haslam and Dr. Strickland were not presented to the trial court in any admissible form at the summary judgment stage of the case.

Second, when Employee filed his response to Employer's motion for summary judgment, he attached only the Form C-32 completed by Dr. Dinkins. Likewise, in responding to Employer's statements of undisputed material facts, Employee disputed the statement that he "did not present expert medical proof that his alleged injury is causally related to employment" by referring the court to Dr. Dinkins's Form C-32, with no mention of the records or opinions of Dr. Haslam or Dr. Strickland.

Third, even if we were to conclude the records of Dr. Haslam and Dr. Strickland could be considered, we find no causation opinions expressed by Dr. Haslam or Dr. Strickland that meet the requirements of Tennessee Code Annotated section 50-6-102(14). This statute requires evidence that the medical condition for which compensation is sought arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14) (2020). In several of Dr. Haslam's reports, some of which were prepared by a nurse practitioner in Dr. Haslam's office, there is a notation in the "History of Present Illness" section that "patient states this is a work-related injury." None of these reports indicates that Dr. Haslam expressed an

7

opinion that any of Employee's medical conditions arose primarily out of the March 19, 2019 work incident.

Similarly, there is a notation in Dr. Strickland's January 7, 2020 report that Employee described a work injury two weeks after his March 11, 2019 carpal tunnel surgery "when a piece of furniture fell on him." Dr. Strickland then commented, "[m]y impression is that the patient suffered work injury as noted." However, he did not offer an opinion that any of Employee's medical conditions arose primarily out of the reported work injury, or any words to that effect. Hence, the records of Dr. Haslam and Dr. Strickland, even if admissible, do not create a genuine issue of material fact as to the issue of medical causation.

In short, we conclude Employer met its burden of production under Tennessee Rule of Civil Procedure 56 to show Employee's proof of medical causation was insufficient as a matter of law. Other than the Form C-32 of Dr. Dinkins, which we have concluded was properly excluded by the trial court in accordance with Tennessee Code Annotated section 50-6-235(c)(2), Employee offered no admissible medical proof that created a genuine issue of material fact as to the issue of medical causation.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Khaled Sadeekah | ) | Docket No. 2020-06-0218 |
| | ) | |
| v. | ) | State File No. 10400-2020 |
| | ) | |
| Zaher Abdelaziz d/b/a Home | ) | |
| Furniture and More | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of June, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Khaled Sadeekah | | | | X | khalidsaddikah@gmail.com |
| Courtney E. Smith | | | | X | csmith@spicerfirm.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov